UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLIVER MATIEL HENRIQUEZ-REYES, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:17-CV-0044 |
| | : | (Judge Nealon) |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| | : | |
| MARY SABOL, | : | |
| Respondent | : | |

**<u>MEMORANDUM</u>**

On January 9, 2017, Petitioner, Oliver Matiel Henriquez-Reyes, an alien in immigration custody, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention without a bond hearing while his removal proceedings are pending. (Doc. 1). Petitioner seeks, <u>inter</u> <u>alia</u>, his release, or, in the alternative, to hold a bond hearing. (<u>Id.</u>). Respondent agrees that Petitioner is entitled to an individualized bond hearing, but that such a hearing should be held by an Immigration Judge. (Doc. 5, pp. 5-7). Notably, Petitioner does not object to the bond hearing being held by an Immigration Judge. (Doc. 6, pp. 1-2).

On February 7, 2017, Magistrate Judge Susan Schwab issued a Report and Recommendation ("R&R") recommending that the Court grant the petition for a writ of habeas corpus to the extent that it seeks an individualized bond hearing and order that an Immigration Judge preside over that hearing. (Doc. 8, p. 1). On that

same date, Petitioner filed a notice of no objection to the R&R. (Doc. 9). On February 8, 2017, Respondent filed a notice of no objection to the R&R. (Doc. 10). For the reasons below, the Court will adopt Magistrate Judge Schwab's R&R, (Doc. 8), in its entirety.

I. **BACKGROUND**

Petitioner, a thirty-two (32) year old citizen and native of Dominican Republic, "entered the United States on a B1/B2 visitor visa on May 31, 2007, for a period not to exceed six (6) months." (Doc. 1, pp. 2, 6); (Doc. 5-1, p. 2). On December 11, 2009, Petitioner "married Ana Almonte Gonzalez ('Ana')," a United States citizen. (Doc. 1, pp. 2, 6). "On May 9, 2011, Ana filed a Form I-130, Petition for Alien Relative," with the United States Citizenship and Immigration Services ("USCIS") "seeking immediate relative status for Petitioner." (Id. at p. 6); see (Doc. 1-1, p. 2). On September 16, 2011, the Form I-130 petition was approved by USCIS. (Id.).

"On June 4, 2012, Petitioner filed a Form I-485, Application to Adjust Status to Lawful Permanent Resident, based on the approved Petition." (Doc. 1, p. 6) (citing 8 U.S.C. § 1245(a)); see (Doc. 1-1, p. 2). "During that process, Petitioner disclosed to the [Department of Homeland Security (the "Department")] that he checked 'single,' rather than 'separated' at the time he applied for his

initial B1/B2 visitor visa.[footnote omitted]" (Doc. 1, p. 6). Petitioner notes that when he applied for his B1/B2 visitor visa, "he was separated from Ana." (Id. at p. 6 n.3). According to Petitioner, "[i]n 2007, Ana and Petitioner had actually commenced divorce proceedings," which resulted in the couple being "ordered divorced on May 9, 2008." (Id.). However, "[m]onths after the divorce, the couple reconciled." (Id.). The couple "remarried on December 11, 2009." (Id.).

While Petitioner inaccurately identified himself as "single," instead of "separated," when he applied for a B1/B2 visitor visa, he claims this "was a waiveable ground of inadmissibility." (Id.); see (Doc. 1-1, p. 2). Petitioner "requested a waiver of this concern," however, the "Department denied the waiver and a subsequent appeal was similarly denied, based on an inaccurate fining (sic) that Petitioner and Ana failed to establish the required burden of proof–extreme hardship–necessary for the grant of the requested waiver." (Doc. 1, pp. 6-7) (citing 8 U.S.C. § 1182).

Petitioner states that he "has had two non-violent and statutorily waiveable interactions with the criminal justice system and, as a result was taken into immigration custody, where he sought and was granted relief."[1] (Id. at p. 2).

---

[1] Respondent states that on October 26, 2009, Petitioner "was sentenced to a license suspension and a fine after he pled guilty to driving while ability impaired by the consumption of alcohol." (Doc. 5, p. 2) (citing Doc. 5-1, p. 6).

3

Specifically, on September 13, 2013, Petitioner was "arrested and charged with several access fraud related offenses." (Doc. 1, p. 7) (citing <u>Commonwealth of Pa. v. Henriquez-Reyes</u>, CP-06-CR-5037 (Berks Cnty., Pa. 2013)); (Doc. 5, p. 2) (citing Doc. 5-1, p. 7). On July 31, 2014, Petitioner plead guilty to a violation of 18 Pa. C.S.A. § 4106(a)(1)(i).[2] (Doc. 1, p. 7); (Doc. 5-1, p. 7). Petitioner was sentenced to two (2) years probation. (<u>Id.</u>). On October 10, 2015, Petitioner was charged in Fairfax County, Virginia," with "several credit card theft and forgery offenses." (Doc. 1, p. 7) (citing <u>Commonwealth of Va. v. Henriquez-Reyes</u>, GC-15-197106 (Fairfax Cnty., Va. 2015)); <u>see</u> (Doc. 5, p. 2); (Doc. 5-1, p. 7). Petitioner states that he ultimately "pled guilty" to two (2) of the offenses and "was sentenced to eight (8) months incarceration, of which he served." (<u>Id.</u>).

Also on October 10, 2015, subsequent to his arrest in Fairfax County, Virginia, Petitioner encountered Immigration and Customs Enforcement ("ICE") at the Fairfax County Detention Center. (Doc. 1-1, p. 3). At that time, ICE lodged an immigration detainer as to Petitioner with the Fairfax County Detention Center. (<u>Id.</u>).

---

[2] That section states that "[a] person commits an offense if he . . . uses an access device to obtain or in an attempt to obtain property or services with knowledge that . . . the access device is counterfeit, altered or incomplete." 18 Pa. C.S.A. § 4106(a)(1)(i).

Case 3:17-cv-00044-WJN   Document 11   Filed 02/10/17   Page 5 of 14

On November 6, 2015, Petitioner was placed into ICE's custody and issued a Notice to Appear pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") because "after admission as a nonimmigrant under Section 101(a)(15) of the [INA, Petitioner] remained in the United States for a time longer than permitted, in violation of [the INA] or any other law of the United States."  (Doc. 1-1, p. 3); (Doc. 5-1, p. 2); see (Doc. 1, p. 7); (Doc. 5, p. 2). On December 10, 2015, Petitioner was then returned to the custody of Fairfax County Sheriff's Office.  (Id.).  On July 22, 2016, Petitioner returned to ICE's custody.  (Doc. 1-1, p. 3); see (Doc. 1, p. 7); (Doc. 5, p. 2).  Petitioner states that he "has remained in the Department's custody, appeared before the Immigration Court at York, Pennsylvania, without incident or delay, fought against his removal from the United States, won before the Immigration Court, yet is still detained." (Doc. 1, p. 3).

Petitioner notes that he has:

> admitted to the allegations in the Form I-862, Notice to Appear (the "NTA") and sought to adjust his status to that of a lawful permanent resident, together with an application for waiver of inadmissibility of the criminal indiscretions, which brought Petitioner to the Department's attention.

(Id. at p. 8) (citing Doc. 1-1; 8 U.S.C. § 1255).  According to Petitioner, "[t]he waiver required [him] to show that (1) his removal from the United States would

5

result in extreme hardship to his United States Citizen spouse and children; and (2) he warranted the waiver as a matter of the Immigration Court's discretion." (Doc. 1, p. 8) (citing Doc. 1-1; 8 U.S.C. § 1182(h)).

On November 17, 2016, "the Immigration Court granted Petitioner the waiver and adjusted his status to that of lawful permanent resident, finding that extreme hardship did indeed present itself in Petitioner's matter." (Id.) (citing Doc. 1-1); (Doc. 5, p. 2); see (Doc. 1-1, p. 3). "Further, the Immigration Court found that Petitioner's clear, consistent testimony and evidence, together with his taking responsibility for his indiscretions, warranted a favorable exercise of discretion." (Doc. 1, p. 2).

On November 30, 2016, the Department appealed the Immigration Court's November 17, 2016 determination to the Board of Immigration Appeals, which remains pending. (Id. at pp. 2, 9); see (Doc. 1-1, p. 3); (Doc. 5, p. 3). Petitioner argues that "[s]ince July 22, 2016, [he] has been 'civilly' detained–or, better put, incarcerated, without bond or an individualized bond hearing–for 203 days and counting." (Doc. 1, p. 3). Petitioner contends that "[t]his continued, mandatory detention is clearly unreasonable and unconstitutional." (Id.).

On December 5, 2016, ICE denied Petitioner's request to be released from ICE's custody. (Id. at p. 4); (Doc. 1-1, pp. 2-3). Petitioner then "took the

additional step of seeking a custody redetermination hearing before the Immigration Court at York, Pennsylvania in December of 2016." (Doc. 1, p. 4). On December 30, 2016, the Immigration Court denied Petitioner's request because it found it lacked jurisdiction. (Id.); (Doc. 1-1, pp. 12-13).

On January 9, 2017, Petitioner filed the instant petition for a writ of habeas corpus, seeking his release, or, in the alternative, to hold a bond hearing. (Doc. 1). On January 10, 2017, Magistrate Judge Schwab ordered that the Respondent show cause on or before February 2, 2017, as to why Petitioner should not be granted habeas corpus relief. (Doc. 2). On February 2, 2017, Respondent filed a response to the petition for a writ of habeas corpus. (Doc. 5). On February 4, 2017, Petitioner filed his reply to Respondent's brief. (Doc. 6). On February 7, 2017, Magistrate Judge Schwab issued the R&R currently at bar. (Doc. 8). On that same date, Petitioner filed a notice of no objections to the R&R. (Doc. 9). On February 8, 2017, Respondent filed a notice of no objections to the R&R. (Doc. 10).

## II.  **STANDARD OF REVIEW**

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters

pending before the court. 28 U.S.C. § 636(b)(1)(B). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3. "If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court 'shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" LeGrand v. PPL Susquehanna, LLC, 2015 U.S. Dist. LEXIS 57596, at *2 (M.D. Pa. May 1, 2015) (Mariani, J.) (quoting 28 U.S.C. § 636(b)(1)) (citing Brown v. Asture, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. L.R. 72.3). The de novo standard set forth in section 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b) is:

> "not intended to require the judge to actually conduct a new hearing on contested issues. Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate. In some instances, however, it may be necessary for the judge to modify or reject the findings of the magistrate, to take additional evidence, recall witnesses, or recommit the matter to the magistrate for further proceedings."

United States v. Raddatz, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, p. 3 (1976)).

Where as is the case here, see (Doc. 9), there is an absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, at *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

### III. DISCUSSION

Petitioner argues that his petition for a writ of habeas corpus should be granted because his detention under 8 U.S.C. § 1226(c) "has reached unreasonable proportions and does nothing to fulfill the purposes that underlie the mandatory detention statute." (Doc. 1, p. 9). Petitioner continues by claiming that his "continued detention clearly violates his Fifth Amendment Right to due process-it is, absent any doubt, unlawful and unconstitutional." (Id.). Petitioner seeks, inter alia, "a constitutionally adequate, individualized hearing before this Court or an

independent court of competent jurisdiction . . . ." (Doc. 1, p. 16). Respondent concedes that "the Court should order that [Petitioner] be provided a bond hearing before an immigration judge consistent with" <u>Chavez-Alvarez v. Warden York Cnty. Prison</u>, 783 F.3d 469 (3d Cir. 2015). (Doc. 5, p. 8). In his reply, Petitioner states that "he **DOES NOT** object to this Court entering an Order granting the Petition, to the extent that Petitioner shall be afforded a bond hearing before an Immigration Judge in accordance with the principles set forth in" <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 232 (3d Cir. 2011) and <u>Chavez-Alvarez</u>, 783 F.3d at 469. (Doc. 6, pp. 1-2) (emphasis in original).

Magistrate Judge Schwab begins her analysis by noting that the United States Court of Appeals for the Third Circuit has stated that "[u]nder the pre-removal statute–8 U.S.C. § 1226(a)–ICE can detain any alien pending a decision in removal proceedings against that alien, and can release on bond any alien not otherwise ineligible for such release." (Doc. 8, p. 3) (quoting <u>Leslie v. Attorney Gen. of U.S.</u>, 678 F.3d 265, 268 (3d Cir. 2012)). "But," Magistrate Judge Schwab continues, "8 U.S.C. § 1226(c) provides for mandatory detention of, among others, aliens, who like [Petitioner], were convicted of certain crimes." (<u>Id.</u>) (citing 8 U.S.C. § 1226(c)). As stated by Magistrate Judge Schwab, "[g]enerally, 'section 1226(c) does not give the Attorney General any authority to release these aliens on

bond.'" (Doc. 8, p. 3) (quoting <u>Chavez-Alvarez</u>, 783 F.3d at 473; citing 8 U.S.C. § 1226(c)(2)).

 Magistrate Judge Schwab then correctly states that:

> Although 8 U.S.C. § 1226(c) provides for mandatory detention and the Supreme Court has determined that '[d]etention during removal proceedings is a constitutionally permissible part of' the removal process, <u>Denmore v. Kim</u>, 538 U.S. 510, 531 (2003), the United States Court of Appeals for the Third Circuit has held that the statute authorizes detention for only "a reasonable amount of time."

(<u>Id.</u> at p. 4) (quoting <u>Diop</u>, 656 F.3d at 231). Magistrate Judge Schwab then quotes the Third Circuit for the following: "'at a certain point–which may differ case by case–the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous.'" (<u>Id.</u>) (quoting <u>Chavez-Alvarez</u>, 783 F.3d at 474-75). As stated by Magistrate Judge Schwab:

> After that "tipping point," the Government must produce "individualized evidence" that the continued detention of the alien is necessary "to achieve the goals of the statute," which are "ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community."

(<u>Id.</u>) (quoting <u>Chavez-Alvarez</u>, 783 F.3d at 475, 478; <u>Diop</u>, 656 F.3d at 231).

 Magistrate Judge Schwab then accurately notes that "[i]n certain cases, it may be difficult to determine when the 'tipping point' after which an alien is entitled to a bond hearing has been reached." (<u>Id.</u>). "But," as Magistrate Judge

Schwab states, "ICE concedes that [Petitioner] is entitled to a bond hearing." (Doc. 8, p. 4). As a result, Magistrate Judge Schwab recommends that due to ICE's concession, along with Petitioner's "more than 6-month detention and lack of any argument or evidence that he delayed the immigration proceedings," Petitioner is entitled to an individualized bond hearing. (Id.).

Magistrate Judge Schwab then addresses Respondent's request that the bond hearing be held by an Immigration Judge. (Id. at pp. 4-6); see (Doc. 5, pp. 5-7); (Doc. 6, pp. 1-2) (Petitioner states that he does not "object to this Court entering an Order granting the Petition, to the extent that Petitioner shall be afforded a bond hearing before an Immigration Judge in accordance with the principles set forth in Diop, 656 F.3d at 232, and Chavez-Alvarez, 783 F.3d at 469."). As to this issue, Magistrate Judge Schwab initially notes that:

> Although in certain circumstances the Court has conducted bond hearings in these types of cases in the past, see e.g., Leslie v. Holder, 865 F. Supp. 2d 627 (M.D. Pa. 2012), more recently, the trend has been for the Court to refer the case in the first instance to an immigration judge to conduct the bond hearing.

(Doc. 8, p. 5) (citing Stultz-Shirley v. Sabol, 2016 U.S. Dist. LEXIS 154042 (M.D. Pa. 2016) (Mannion, J.); Singh v. Sabol, 2015 U.S. Dist. LEXIS 72149 (M.D. Pa. 2015) (Carlson, M.J.); Wang v. Lowe, 2016 U.S. Dist. LEXIS 64520 (M.D. Pa. 2016) (Rambo, J.); Gourzong v. Sabol, 2016 U.S. Dist. LEXIS 9672 (M.D. Pa.

2016) (Mariani, J.); Deptula v. Lynch, 2016 U.S. Dist. LEXIS 2244 (M.D. Pa. 2016) (Carlson, M.J.); Codner v. Johnson, 2015 U.S. Dist. LEXIS 27332 (M.D. Pa. 2015) (Nealon, J.); Thaxter v. Sabol, 2016 U.S. Dist. LEXIS 71064 (M.D. Pa. 2016) (Caldwell, J.)). "In accordance with that trend and '[m]indful of the deference which should be accorded in the first instance to agency decision-making processes'" Magistrate Judge Schwab recommends that the "the Court grant the petition for a writ of habeas corpus, and order that, within 14 days, an immigration judge conduct a bond hearing in accordance with Chavez-Alvarez." (Doc. 8, p. 6) (quoting Leslie, 865 F. Supp. 2d at 631).

No objections having been lodged against Magistrate Judge Schwab's R&R, (Doc. 8), it will be reviewed for clear error.[3] Finding no such error, the Court will adopt the R&R in its entirety. Thus, Petitioner's petition for a writ of habeas corpus, (Doc. 1), will be granted to the extent Petitioner seeks to obtain an individualized bond hearing consistent with Diop and Chavez-Alvarez, "in which Respondent bears the burden of demonstrating that 'detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings

---

[3] The Court notes that, to date, the deadline for the filing of objections has not expired. See M.D. Pa. L.R. 72.3. However, the parties have each filed a notice of no objections to the R&R. (Docs. 9, 10). As a result, the Court will not wait for the deadline in Local Rule 72.3 to expire before rendering a decision concerning the R&R. See M.D. Pa. L.R. 1.3.

and that his release will not pose a danger to the community.'" Stultz-Shirley, 2016 U.S. Dist. LEXIS 154042, at *9 (quoting Diop, 656 F.3d at 231). Furthermore, Petitioner will be provided with said individualized bond hearing before an Immigration Judge within fourteen (14) days of the date of this Memorandum and accompanying Order.

## IV. CONCLUSION

Based on the foregoing, Magistrate Judge Schwab's February 7, 2017 R&R, (Doc. 8), will be adopted in full. As a result, Petitioner's petition for a writ of habeas corpus, (Doc. 1), will be granted to the extent that Petitioner seeks an individualized bond hearing in accordance with Diop and Chavez-Alvarez. It will be further ordered that Petitioner's individualized bond hearing will be before an Immigration Judge. Lastly, it will be ordered that Petitioner be provided with said individualized bond hearing before an Immigration Judge within fourteen (14) days of this decision.

A separate Order will be issued.

**Date**: February 10, 2017          /s/ William J. Nealon
                                     **United States District Judge**